Karen P. Kimmey (State Bar No. 173284)
kkimmey@fbm.com
Hilary Krase (State Bar No. 318762)
hkrase@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Christopher M. Jackson (*pro hac vice* forthcoming)
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: (303) 295-8000
Email: CMJackson@hollandhart.com

Attorneys for Plaintiff SHRIMP GIRLS, INC.
d/b/a FISHWIFE TINNED SEAFOOD COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHRIMP GIRLS, INC. d/b/a FISHWIFE TINNED SEAFOOD COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLINE GOLDFARB AND BENJAMIN GOLDFARB<br><br>Defendant. | Case No. 2:23-cv-06024<br><br>COMPLAINT FOR:<br><br>(1) BREACH OF CONTRACT<br>(2) DECLARATORY JUDGMENT<br>(3) TRADEMARK INFRINGEMENT<br>(4) COMMON LAW TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION<br>(5) UNFAIR COMPETITION<br>(6) CYBERSQUATTING<br>(7) CONVERSION<br>(8) CIVIL THEFT<br><br>**DEMAND FOR JURY TRIAL** |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

17

44022\16291927.1

Plaintiff Shrimp Girls, Inc. d/b/a Fishwife Tinned Seafood Company ("Fishwife") submits this Complaint against Defendants Caroline Goldfarb and Benjamin Goldfarb (collectively, "Defendants") and alleges as follows:

## THE PARTIES

1) Plaintiff Fishwife is a Delaware company with its principal place of business at 1308 E. Colorado Blvd., #2175, Pasadena, CA 91106.

2) Defendant Caroline Goldfarb is a natural person and a resident of the State of California.

3) Defendant Benjamin Goldfarb, the father of Caroline Goldfarb, is a natural person and a resident of the State of California.

## JURISDICTION AND VENUE

4) This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, and 1338 because the Plaintiff is asserting claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

5) The Court has supplemental jurisdiction over the non-federal claims under 28 U.S.C. § 1367 because those other claims are so related to the federal claims that they form part of the same case or controversy under Article III of the US Constitution.

6) This Court has personal jurisdiction over the Defendants because they are residents of the State of California.

7) Venue is proper in this Court under 28 U.S.C. § 1391 because both Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred here.

## GENERAL ALLEGATIONS

*Fishwife launches its business.*

8) Founded in late 2020 by Becca Millstein and Caroline Goldfarb, Fishwife produces ethically sourced, premium, and delicious tinned seafood. The company offers responsibly sourced fish in a variety of flavors like Wild Caught

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

2

44022\16291927.1

Smoked Albacore Tuna, Smoked Rainbow Trout, and Fly By Jing Smoked Salmon.

9) Since Fishwife's founding, it has offered goods and services in interstate commerce in the United States in connection with its "Fishwife," "Eat Fishwife," and "eatfishwife.com" marks, along with other marks owned by Fishwife (collectively, all common law trademarks and Fishwife's Registration (defined below), referred to as the "Fishwife Marks"). As a result of the actual use in commerce of the Fishwife Marks, Fishwife possesses common law trademark rights to them.

10) Fishwife's FISHWIFE TINNED SEAFOOD CO. word mark is the subject of a federal registration (No. 6581746) ("Fishwife's Registration") covering "Canned fish; canned seafood products, namely, tuna, sardines, mussels, trout; tinned fish; tinned seafood products, namely, tuna, sardines, mussels, trout; fish, not live; seafood, not live, namely, tuna, sardines, mussels, trout; jarred fish; jarred seafood, namely, tuna, sardines, mussels, trout; preserved fish; meat, canned."

11) Fishwife's Registration is valid and subsisting and therefore constitutes evidence of the validity and ownership of the Fishwife Marks and Fishwife's Registration, and of Fishwife's exclusive nationwide right to use the FISHWIFE TINNED SEAFOOD CO. mark.

12) Fishwife's Registration also provides constructive notice of Fishwife's ownership of the FISHWIFE TINNED SEAFOOD CO. mark.

13) Fishwife has invested substantial money and time to develop, promote, and maintain the Fishwife Marks in the United States.

14) Today, consumers can purchase Fishwife's products in hundreds of stores across the United States.

15) Fishwife also owns two online accounts that are relevant to this dispute (collectively, "the Accounts"). The first, the "Google Administrative Account," hosts Fishwife's email server and Google Drive, which is where company documents are maintained. The second, the "Domain Account," hosts the

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

3

44022\16291927.1

1  "eatfishwife.com" domain for the company.

2  16)   Google LLC is the registrar for the Domain Account.  Although not a party to this action, pursuant to 15 U.S.C. §§ 1114 and 1125(d), this Court may, upon entering judgment in Fishwife's favor, order Google LLC to transfer the Domain Account to Fishwife.

17)   The Accounts are and always have been Fishwife property, and Fishwife uses the domain name "eatfishwife.com" and operates a website identified by that domain name.  The website informs the public and Fishwife's present and potential customers of the products that the company offers.  Fishwife facilitates the provision of such services directly over its website by, among other things, allowing the public to find locations where Fishwife products are sold.

18)   When the company was first founded, Becca Millstein, the company's chief executive officer and majority stockholder, and Caroline Goldfarb discussed how Fishwife's equity should be allocated.  While they talked through the issue and the importance of imposing a vesting schedule on any equity, they never executed documentation issuing company stock.

***The Company continues to grow, and then negotiates Caroline Goldfarb's exit.***

19)   Soon after Fishwife was founded, it quickly expanded and has continued to grow.  That growth occurred not because of Caroline Goldfarb's efforts, but in spite of them.

20)   Since the founding, Millstein has worked full time as the chief executive officer of Fishwife.  She has devoted an average of more than 90 hours per week to growing the company, overseeing operations, hiring additional personnel, and building a respected brand.

21)   In contrast, Caroline Goldfarb worked for Fishwife for less than a year, and for no more than a few hours per week.  Her time was almost entirely consumed by her demanding career as a screenwriter.  In addition, the quality of Caroline Goldfarb's work for Fishwife was unreliable and consistently had to be re-done by

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

4

44022\16291927.1

Millstein.

22) Caroline Goldfarb has not done any work for the company since at least May 2021.

23) Because Caroline Goldfarb had ceased contributing services to the company, the parties began discussing her exit from the company. The discussions were protracted, taking about a year.

24) In the course of those negotiations, Caroline Goldfarb accepted—in writing—Fishwife's offer that she would receive an equity interest in Fishwife based on one year of vesting.

25) Shortly thereafter, Caroline Goldfarb accepted—in writing—Fishwife's offer that she have an 8.75% fully vested interest in the company and that the parties should prepare and sign documentation to that effect.

26) Caroline Goldfarb's acceptance was supported by adequate consideration in the form of her receipt of an 8.75% vested interest in the company.

27) Caroline Goldfarb's acceptance of these terms created a valid, binding, and enforceable contract ("Equity Agreement").

### *Caroline Goldfarb attempts to renege on the agreement.*

28) Approximately two weeks after the parties entered into the Equity Agreement, while representatives for Fishwife were finalizing documentation to memorialize the Equity Agreement, Caroline Goldfarb sought to renege on the Equity Agreement. She wrote an email to Millstein in which she again acknowledged that she had entered into a binding agreement with the company, but that "[u]pon further reflection, I think we should open the matter back up."

29) Caroline Goldfarb retained counsel, and her attorney sent a letter demanding that Fishwife issue Caroline Goldfarb common stock giving her a 35% *vested* stake in the company.

30) That demand was patently absurd. Caroline Goldfarb had no basis to demand a 35% vested interest in Fishwife; her demand directly contradicted the

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

5

44022\16291927.1

1. Equity Agreement; and the demand was wildly out of sync with the amount of equity that someone in her position ever would have been granted based on any and all market indicators.

31) Caroline Goldfarb knew that her demand was patently absurd. She had knowledge of the relevant market indicators, and in her oral and written communications with Fishwife in connection with the Equity Agreement, Caroline Goldfarb had never proposed an equity stake anywhere near 35%. In fact, her most extreme proposal was that she have a 10% interest in the company.

32) Fishwife has repeatedly asked Caroline Goldfarb to sign documentation to further memorialize the Equity Agreement along with other standard documentation needed to set Fishwife up for growth and future investment.

33) Caroline Goldfarb refused and has continued to refuse to sign any such documents.

34) In doing so, Caroline Goldfarb has effectively held Fishwife hostage. By refusing to sign those documents, Caroline Goldfarb has kept Fishwife in limbo, preventing the company from raising new equity and substantially hampering its ability to find new investors and secure outside funds. Her refusal threatens the company's continued existence.

35) Caroline Goldfarb knows that her conduct compromises the company. This knowledge is reflected in, among other documents, an email she sent to Millstein after she demanded 35% of the company in which she wrote, "Sadly, until we have our share dispute settled, there is no strategic growth path for Fishwife" and that "without formal corporate paperwork and this loose end between us resolved, there is no going forward."

***Caroline and Benjamin Goldfarb illicitly seek to use their wrongful possession of the Accounts for their own personal profit.***

36) The Defendants currently have possession, custody, and control of the Accounts—both the Google Administrative Account and the Domain Account.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

6

44022\16291927.1

37) The Defendants also hold a higher level of administrative access than Millstein or anyone else at Fishwife on both Accounts. As a result, they have ultimate control over the Accounts.

38) Fishwife has repeatedly demanded that the Defendants surrender the Accounts and return them to the Company. It has also informed the Defendants that continued wrongful possession of the Accounts violates the Lanham Act and the Anti-Cybersquatting Consumer Protection Act.

39) Fishwife has made these demands both orally and in writing on at least the following dates: June 1, 2022; January 2, 2023; May 24, 2023; June 2, 2023; June 8, 2023; June 14, 2023; June 28, 2023; July 5, 2023; July 7, 2023; July 10, 2023; and July 18, 2023.

40) The Defendants have acknowledged that they must return possession of the Accounts to Fishwife, but they have refused to do so unless they are paid a substantial sum of money. In effect, they are holding the Accounts for ransom, trying to extract a profit from their wrongful conduct.

41) The Defendants intend to maintain control over the Accounts not for any legitimate purpose, but in a bad faith attempt to profit off the Fishwife brand.

42) The Defendants' acts were knowingly, deliberately, and intentionally carried out in bad faith, and/or with a reckless disregard for, and/or with willful blindness to, Fishwife's rights.

43) Based on their continued and prolonged behavior, it is apparent that the Defendants will continue to commit the acts complained of in this Complaint unless they are enjoined.

44) The intentional nature of the Defendants' unlawful acts renders this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### FIRST CLAIM FOR RELIEF

**(Breach of Contract—Against Caroline Goldfarb)**

45) Fishwife and Caroline Goldfarb are capable of contracting.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

7

44022\16291927.1

46) Fishwife and Caroline Goldfarb consented to the terms of the Equity Agreement.

47) Fishwife and Caroline Goldfarb entered into the Equity Agreement.

48) The Equity Agreement is for a lawful object.

49) The Equity Agreement had adequate consideration.

50) Fishwife has performed all of its obligations under the Equity Agreement.

51) Caroline Goldfarb has materially breached and/or anticipatorily breached the Equity Agreement by, among other things, refusing to sign corporate documentation effectuating the agreement, falsely asserting that the Equity Agreement is not binding, and making demands that are inconsistent with the Equity Agreement.

52) Caroline Goldfarb's breach and anticipatory breach of the Equity Agreement has directly and proximately caused damages to Fishwife.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment Under 28 U.S.C. § 2201—Against Caroline Goldfarb)**

53) Fishwife incorporates the allegations above as if fully set forth in this paragraph.

54) An actual controversy exists among the parties as to (i) whether the parties entered into a binding and enforceable agreement regarding Caroline Goldfarb's interested in Fishwife and (ii) the amount of equity that Caroline Goldfarb has in Fishwife.

55) Fishwife and Caroline Goldfarb did in fact enter into an enforceable agreement regarding Caroline Goldfarb's interest in the company.

56) Caroline Goldfarb does in fact currently have an 8.75% vested stake, and only an 8.75% vested stake, in Fishwife.

57) A determination by the Court would terminate the controversy.

58) Accordingly, Fishwife is entitled to a declaration that the Equity

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

8

44022\16291927.1

Agreement with Caroline Goldfarb is binding and that Caroline Goldfarb holds an 8.75% vested interest in the company.

59) Alternatively, even if the Equity Agreement were not binding, Fishwife is entitled to a declaration that Caroline Goldfarb's equity in Fishwife should be limited to 8.75% based on her limited involvement in the company, the parties' intentions and other equitable considerations.

### THIRD CLAIM FOR RELIEF

**(Trademark Infringement Under 15 U.S.C. § 1114—Against Both Defendants)**

60) Fishwife incorporates the allegations above as if fully set forth in this paragraph.

61) Fishwife owns a valid federal registration for the FISHWIFE TINNED SEAFOOD CO. mark for canned seafood products.

62) The FISHWIFE TINNED SEAFOOD CO. mark is a valid, protectable trademark.

63) Fishwife's Registration constitutes evidence of the validity of Fishwife's trademark rights and its exclusive right to use the FISHWIFE TINNED SEAFOOD CO. mark in commerce.

64) The Defendants are deliberately making unauthorized use of the FISHWIFE TINNED SEAFOOD CO. mark in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, including by retaining the Accounts, without the consent of Fishwife. Such use is likely to cause confusion or mistake, or to deceive ordinary consumers as to the source, sponsorship, affiliation, connection, and association of the Defendants with Fishwife's products; or as to the origin, sponsorship, or approval of the Defendants by Fishwife; or to cause consumers to believe, incorrectly, that the Defendants are the senior use of the FISHWIFE TINNED SEAFOOD CO. mark and that Fishwife is improperly using, copying, or infringing the Defendants' mark.

65) As a result, Fishwife has suffered and will continue to suffer irreparable

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

9

44022\16291927.1

harm to the value and goodwill of its FISHWIFE TINNED SEAFOOD CO. mark, as well as irreparable harm to its business, goodwill, and reputation.

66) Unless enjoined, the Defendants' unlawful conduct will continue, causing further injury to Fishwife.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement, False Designation of Origin, and Unfair Competition in Violation of 15 U.S.C. § 1125(a)—Against Both Defendants)**

67) Fishwife incorporates the allegations above as if fully set forth in this paragraph.

68) Fishwife is the owner of the Fishwife Marks and the Accounts.

69) The Fishwife Marks and the Accounts are inherently distinct among the relevant trade and public as identifying Fishwife's products.

70) The Defendants' deliberated and unauthorized retention of the Accounts constitutes use of the Fishwife Marks and thus trademark infringement, unfair competition, and false designation of origin in willful violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Such use is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection, and association of the Defendants with Fishwife's products; or as to the origin, sponsorship, or approval of the Defendants by Fishwife; or to cause consumers to believe, incorrectly, that the Defendants are the senior use of the Fishwife Marks and that Fishwife is improperly using, copying, or infringing the Defendants' mark.

71) As a result, Fishwife has suffered and will continue to suffer irreparable harm to the value and goodwill of its Fishwife Marks and the Accounts, as well as irreparable harm to its business, goodwill, and reputation.

72) Unless enjoined, the Defendants' unlawful conduct will continue, causing further injury to Fishwife.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

## FIFTH CLAIM FOR RELIEF

## (Unfair Competition—Against Both Defendants)

73) Fishwife incorporates the allegations above as if fully set forth in this paragraph.

74) The Defendants' acts of trademark infringement and false designation of origin constitute unfair competition with Fishwife under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, *et seq.*

75) The Defendants' conduct is unfair because it allows them to benefit unjustly by virtue of the goodwill and positive reputation associated with Fishwife and its Fishwife Marks and goods and services. The Defendants have intentionally violated, and continue to violate, Fishwife's rights in the Fishwife Marks and related commercial benefits.

76) The Defendants are willfully and deliberately misleading the public by this conduct, including by the Defendants' retention of the Accounts, which is likely to confuse the public as to whether the Defendants are related to, or approved, or sponsored by Fishwife or vice versa; or that the Defendants are the senior use of the Fishwife Marks and that Fishwife is improperly using, copying, or infringing the Defendants' mark.

77) Fishwife and the public have been, and continue to be, irreparably damaged by violation of California common law and statutory law, and Fishwife has no adequate remedy at law.

78) Unless enjoined, the Defendants' unlawful conduct will continue, causing further injury.

## SIXTH CLAIM FOR RELIEF

## (Cybersquatting Under Federal Law, 15 U.S.C. § 1125(d)—Against Both Defendants)

79) Fishwife incorporates the allegations above as if fully set forth in this

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

11

44022\16291927.1

paragraph.

80) The Defendants' failure to transfer the registered Domain Account to Fishwife constitutes use of, and trafficking in, the Domain Account in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

81) The Defendants are well-aware that the Domain Account is the property of Fishwife.

82) The Defendants are also aware that the Domain Account contains the "Fishwife" mark ("eatfishwife.com"), which is both protected by a federal trademark registration and at common law.

83) The Defendants are not authorized to use the Fishwife Marks or the Domain Account.

84) The Domain Account incorporates the entire Fishwife Marks and, as a whole, is confusingly similar to the Fishwife Marks.

85) As described above, the Defendants have a bad faith intent to profit from this conduct, including by holding the Domain Account hostage in hopes of renegotiating the Equity Agreement.

86) Any use of the Domain Account by the Defendants, or any offer to transfer, sell, or otherwise assign the Domain Account to Fishwife or any third party for financial gain, constitutes evidence of bad-faith intent.

87) By their conduct, the Defendants have caused Fishwife irreparable harm, damages, and injury, and will continue to do so unless restrained and enjoined by this Court.

88) Fishwife has no adequate remedy at law.

### SEVENTH CLAIM FOR RELIEF
### (Conversion—Against Both Defendants)

89) Fishwife incorporates the allegations above as if fully set forth in this paragraph.

90) Fishwife is the exclusive owner and has the right of possession over the

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

12

44022\16291927.1

Accounts.

91) The Defendants do not own the Accounts and have no right to possess them.

92) The Defendants have wrongfully exercised dominion over the Accounts by retaining possession, custody, and control of them.

93) Fishwife has suffered substantial damages as a result of the Defendants' conversion of the Accounts.

## EIGHTH CLAIM FOR RELIEF

**(Civil Theft and Violations of California Penal Code §§ 484(a), 496(a)—Against Both Defendants)**

94) Fishwife incorporates the allegations above as if fully set forth in this paragraph.

95) The Defendants have and continue to knowingly and intentionally retain possession, custody, and control of the Accounts under false pretenses.

96) The Defendants have fraudulently appropriated the Accounts.

97) The Defendants have no good faith claim of a right to possession of the Accounts. In fact, they have acknowledged that they are required to return the Accounts to Fishwife.

98) The Defendants' actions have been willful, knowing, deliberate, reckless, and in utter disregard of Fishwife's rights.

99) As a result of the Defendants' conduct, Fishwife has proximately suffered substantial damages.

## PRAYER FOR RELIEF

Fishwife requests that the Court enter a judgment in its favor and against the Defendants as follows:

1. On Fishwife's first claim for breach of contract:

   A. Find that Caroline Goldfarb is liable for breach of contract as alleged in this Complaint; and

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

13

44022\16291927.1

1         B. Award Fishwife damages in an amount to be proven at trial.

2   2. On Fishwife's second claim for relief for a declaratory judgment:

3         A. Issue a declaration that Fishwife and Caroline Goldfarb entered into a binding and enforceable agreement regarding Caroline Goldfarb's interest in the company; and

6         B. Issue a declaration that Caroline Goldfarb currently has an 8.75% vested interest in Fishwife.

8   3. On Fishwife's third, fourth, and fifth claims for relief:

9         A. Find that the Defendants are liable for the claims asserted as alleged in this Complaint;

11        B. Issue an injunction prohibiting the Defendants from (i) using the Fishwife Marks or any other mark confusingly similar thereto, in connection with the promotion, sale, or offer of sale of canned seafood products; and (ii) otherwise competing unfairly or committing any acts likely to confuse the public into believing that the Defendants are associated, affiliated, or sponsored by Fishwife or are authorized by Fishwife, in whole or in part, in any way;

19        C. Award Fishwife profits, damages, and losses suffered as a result of the Defendants' conduct;

21        D. Award exemplary and/or treble damages under 15 U.S.C. § 1117 and applicable state law; and

23        E. Award Fishwife reasonable attorneys' fees and costs under 15 U.S.C. § 1117 and applicable state law.

25  4. On Fishwife's sixth claim for relief for cybersquatting:

26        A. Find that the Defendants are liable for cybersquatting as alleged in this Complaint;

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

14

44022\16291927.1

      B. Order the Defendants and registrar Google LLC to transfer the Domain Account to Fishwife, or its designee at its election, and all other domain names that the Defendants own or possess that are identical to, contain, or are confusingly similar to the Fishwife Marks, pursuant to 15 U.S.C. § 1125(d)(1)(C);

      C. Award Fishwife damages in an amount to be determined at trial;

      D. At Fishwife's election at any time prior to judgment in this matter, award Fishwife instead of actual damages and profits, statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000 per infringing domain name; and

      E. Award Fishwife exemplary and/or treble damages, reasonable attorneys' fees, and costs under 15 U.S.C. § 1117(a).

5. On Fishwife's seventh claim for relief for conversion:

      A. Find that the Defendants are liable for conversion as alleged in this Complaint;

      B. Issue an order for specific recovery of the Accounts; and

      C. Award Fishwife damages in an amount to be proven at trial.

6. On Fishwife's eighth claim for civil theft:

      A. Find that the Defendants are liable for civil theft as alleged in this Complaint;

      B. Award Fishwife damages in an amount to be determined at trial;

      C. Award Fishwife treble damages;

      D. Award Fishwife punitive damages;

      E. Award Fishwife its reasonable attorneys' fees and costs; and

      F. Issue an injunction requiring the Defendants to immediately return possession, custody, and control of the Accounts to Fishwife.

7. Prejudgment interest; and

8. All other relief that this Court deems just and proper.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

15

44022\16291927.1

Dated: July 25, 2023

By:     */s/ Karen P. Kimmey*

      Karen P. Kimmey (SBN 173284)
      kkimmey@fbm.com
      Hilary C. Krase (SBN 318762)
      hkrase@fbm.com
      Farella Braun + Martel LLP
      One Bush Street, Suite 900
      San Francisco, CA 94104
      Tel: (415) 954-4407

      Christopher M. Jackson
      (*pro hac vice* forthcoming)
      HOLLAND & HART LLP
      555 17th Street, Suite 3200
      Denver, CO 80202
      Tel: (303) 295-8000
      Fax: (303) 295-8261
      Email: CMJackson@hollandhart.com

      Attorneys for Plaintiff SHRIMP GIRLS, INC. d/b/a FISHWIFE TINNED SEAFOOD COMPANY

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

16

44022\16291927.1

# JURY DEMAND

Plaintiff Fishwife demands a trial by jury of all issues so triable.

Dated: July 25, 2023

By:     */s/ Karen P. Kimmey*

Karen P. Kimmey (SBN 173284)
kkimmey@fbm.com
Hilary C. Krase (SBN 318762)
hkrase@fbm.com
Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, CA 94104
Tel: (415) 954-4407

Christopher M. Jackson
(*pro hac vice* forthcoming)
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Tel: (303) 295-8000
Fax: (303) 295-8261
Email: CMJackson@hollandhart.com

Attorneys for Plaintiff SHRIMP GIRLS, INC. d/b/a FISHWIFE TINNED SEAFOOD COMPANY

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

COMPLAINT
Case No. 2:23-cv-06024

17

44022\16291927.1